IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| VAN AUSDALL & FARRAR, INC., ) <br> ) <br> Plaintiff, ) <br> ) Civil Action No.: 1:21-cv-1861 <br> v. ) <br> ) **JURY TRIAL DEMANDED** <br> JANE DOE, ) <br> ) <br> Defendant. ) | |

**COMPLAINT FOR DAMAGES AND PRELIMINARY
AND PERMANENT INJUNCTIVE AND OTHER RELIEF**

Plaintiff Van Ausdall & Farrar, Inc. ("VAF") for its Complaint for Damages and Preliminary and Permanent Injunctive and Other Relief against Defendant Jane Doe alleges as follows:

**Nature of the Action**

**1.** This action addresses a Facebook user who accessed VAF's computer systems and interfered with VAF's intellectual property on June 1, 2021, using a Facebook account associated with the name and identity of a former VAF employee.

**Parties**

**2.** VAF is an Indiana corporation with its principal place of business at 6430 E. 75th Street, Indianapolis, Indiana 46250.

**3.** The true name and capacity of Defendant is unknown to Plaintiff at this time. Defendant accessed Plaintiff's social media accounts under the name of the former VAF employee Denise Gilbey Moe ("Moe").

## Jurisdiction and Venue

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367 because this case involves federal law and claims that are so related to the claims involving federal law that they are part of the same case or controversy.

5. Venue is proper in this Court because it is in the judicial district in which a substantial part of the events and omissions giving rise to VAF's claim occurred. 28 U.S.C. § 1391(b)(2).

## Factual Allegations Applicable to All Counts

6. VAF is one of Indiana's oldest privately owned office-solutions companies.

7. Moe was employed by VAF until October 2018. Because of the nature of her position at VAF, Moe was granted access to VAF's social media accounts, including a Facebook page owned by VAF ("VAF's Facebook Page") during her employment.

8. VAF primarily uses VAF's Facebook Page as part of VAF's marketing efforts to promote VAF products and services and generate business for VAF. Therefore, VAF's Facebook Page has economic value to VAF.

9. Moe's authority to access VAF's social media accounts, including VAF's Facebook Page, ended upon termination of her employment with VAF on October 4, 2018.

10. On June 1, 2021, Defendant accessed VAF's Facebook Page using a Facebook account with the name Denise Gilbey Moe. This account appears to be an account owned and controlled by Moe, but Moe has denied accessing VAF's Facebook

Page since her termination from VAF in October 2018, including during the incident on June 1, 2021.

11. While accessing VAF's Facebook Page, Defendant made several posts, including adding photos to VAF's Facebook Page. Defendant also changed the name of VAF's Facebook Page from "Van Ausdall & Farrar, Inc" to "6546."

12. While accessing VAF's Facebook Page, Defendant removed VAF's phone number and website address from VAF's Facebook Page. VAF makes this information available on VAF's Facebook Page so that potential clients can easily contact VAF and access other information about VAF's services.

13. After changing the name of VAF's Facebook Page, Defendant took steps to delete VAF's intellectual property by scheduling VAF's Facebook Page for deletion.

14. While Defendant was accessing VAF's Facebook Page, employees at VAF became aware of Defendant's unauthorized access of VAF's Facebook Page. These employees attempted to prevent Defendant from deleting VAF's Facebook Page.

15. Yet because of Defendant's actions, these employees were unable to prevent VAF's Facebook Page from being deleted.

16. By deleting VAF's Facebook Page, Defendant destroyed VAF's intellectual property and caused economic harm to VAF that is still being calculated.

17. VAF has taken steps to reverse the deletion of VAF's Facebook Page, but has not been able to restore the VAF Facebook Page.

18. VAF filed a police report documenting the details of this incident on June 2, 2021.

19. Moe has denied VAF access to her electronic devices and Facebook account to confirm the identity of the individual who accessed VAF's Facebook Page on June 1, 2021, and deleted the account using the Facebook account Denise Gilbey Moe.

20. Without further access to Moe's Facebook account, and other third-party discovery, VAF is unable to determine the true identity of the Defendant. VAF believes that information obtained in discovery will lead to the verification of Defendant's true name and address.

## COUNT I

### Violation of the Computer Fraud and Abuse Act ("CFAA")
### 18 U.S.C. § 1030(a)(2)(C)

21. VAF realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 of this Complaint.

22. VAF's Facebook Page is a "computer" within the meaning of the CFAA because it is a data storage and communications facility operating in conjunction with a high-speed data processing device performing logical, arithmetic, or storage functions.

23. VAF's Facebook Page is a "protected computer" within the meaning of the CFAA because it is used in a manner that affects interstate commerce.

24. Defendant intentionally, and without authorization, accessed VAF's Facebook Page.

25. By means of this access, Defendant obtained information from VAF's protected computers.

26. As a direct and proximate result of Defendant's violations of the CFAA, VAF sustained more than $5,000 in losses and damages, including but not limited to, the costs of investigation of Defendant's unauthorized actions.

27. Accordingly, Defendant's actions violate the CFAA, 18 U.S.C. § 1030(a)(2)(C).

28. Defendant's violation of 18 U.S.C. § 1030(a)(2)(C) is actionable pursuant to 18 U.S.C. § 1030(g).

## COUNT II

### Violation of the CFAA, 18 U.S.C. § 1030(a)(5)(B)

29. VAF realleges and incorporates by reference the allegations contained in paragraphs 1 through 28 of this Complaint.

30. VAF's Facebook Page is a "computer" within the meaning of the CFAA because it is a data storage and communications facility operating in conjunction with a high-speed data processing device performing logical, arithmetic, or storage functions.

31. VAF's Facebook Page is a "protected computer" within the meaning of the CFAA because it is used in and affects interstate commerce.

32. Defendant intentionally accessed VAF's protected computer without authorization.

33. While accessing VAF's protected computer, Defendant made modifications to and ultimately deleted VAF's Facebook Page.

34. As a result of this conduct, Defendant recklessly caused damage within the meaning of the CFAA because she impaired the integrity and availability of data and information.

35. As a direct and proximate result of Defendant's violations of the CFAA, VAF sustained more than $5,000 in losses and damages, including but not limited to, the costs of investigation of Defendant's unauthorized actions.

36. Accordingly, Defendant's actions violate the CFAA, 18 U.S.C. § 1030(a)(5)(B).

37. Defendant's violation of 18 U.S.C. § 1030(a)(5)(B) is actionable pursuant to 18 U.S.C. § 1030(g).

## COUNT III

### Violation of the CFAA, 18 U.S.C. § 1030(a)(5)(C)

38. VAF realleges and incorporates by reference the allegations contained in paragraphs 1 through 37 of this Complaint.

39. VAF's Facebook Page is a "computer" within the meaning of the CFAA because it is a data storage and communications facility operating in conjunction with a high-speed data processing device performing logical, arithmetic, or storage functions.

40. VAF's Facebook Page is a "protected computer" within the meaning of the CFAA because it is used in and affects interstate commerce.

41. Defendant intentionally accessed VAF's protected computer without authorization.

42. While accessing VAF's protected computer, Defendant made modifications to and ultimately deleted VAF's Facebook Page.

43. As a result of this conduct, Defendant caused damage within the meaning of the CFAA because she impaired the integrity and availability of data and information.

44. As a result of this conduct, Defendant caused loss within the meaning of the CFAA because her conduct resulted in a reasonable cost to VAF, including but not limited to, the cost of responding to the offense, conducting a damage assessment, as well as restoring the data and information to its condition prior to the offense.

45. As a direct and proximate result of Defendant's violations of the CFAA, VAF sustained more than $5,000 in losses and damages, including but not limited to, the costs of investigation of Defendant's unauthorized actions.

46. Accordingly, Defendant's actions violate the CFAA, 18 U.S.C. § 1030(a)(5)(C).

47. Defendant's violation of 18 U.S.C. § 1030(a)(5)(C) is actionable pursuant to 18 U.S.C. § 1030(g).

## COUNT IV

### Offense Against Intellectual Property
### Indiana Code § 35-43-1-7

48. VAF realleges and incorporates by reference the allegations contained in paragraphs 1 through 47 of this Complaint.

49. Defendant intentionally modified the data on VAF's Facebook Page by changing the name of the account, posting photos, and removing VAF's phone number and website address from VAF's Facebook Page.

50. Defendant did not have authorization to make such modifications.

51. Defendant intentionally destroyed the data associated with VAF's Facebook Page by scheduling the account to be deleted.

52. Defendant did not have authorization to delete the data associated with VAF's Facebook Page.

53. Defendant's conduct as alleged herein constitutes an Offense Against Intellectual Property. Ind. Code § 35-43-1-7.

54. VAF has been damaged as a result of Defendant's Offense Against Intellectual Property and is entitled to the remedies set forth in the Indiana Crime Victims Relief Act. Ind. Code §§ 34-24-3-1 *et seq*.

### COUNT V

### Computer Trespass
### Indiana Code § 35-43-2-3

55. VAF realleges and incorporates by reference the allegations contained in paragraphs 1 through 54 of this Complaint.

56. VAF's Facebook Page is owned by VAF and is a "computer network" as those terms are used in Indiana's Computer Trespass statute. Ind. Code § 35-43-2-3(b)(2).

57. As alleged herein, Defendant knowingly and intentionally accessed VAF's Facebook Page.

58. VAF did not consent to Defendant's accessing VAF's Facebook Page.

59. Defendant's conduct as alleged herein constitutes Computer Trespass. Ind. Code § 35-43-2-3(b).

60. VAF has been damaged as a result of Defendant's Computer Trespass and is entitled to the remedies set forth in the Indiana Crime Victims Relief Act. Ind. Code §§ 34-24-3-1 *et seq.*

## COUNT VI

### Offense Against Computer Users
### Indiana Code § 35-43-1-8

61. VAF realleges and incorporates by reference the allegations contained in paragraphs 1 through 60 of this Complaint.

62. VAF's Facebook Page is a computer network owned by VAF.

63. Defendant intentionally destroyed VAF's Facebook Page by scheduling VAF's Facebook Page to be deleted and ultimately successfully deleting VAF's Facebook Page.

64. Defendant's conduct as alleged herein constitutes an Offense Against Computer Users. Ind. Code § 35-43-1-8(3).

65. VAF has been damaged as a result of Defendant's Offense Against Computer Users and is entitled to the remedies set forth in the Indiana Crime Victims Relief Act. Ind. Code §§ 34-24-3-1 *et seq.*

## COUNT VII

### Criminal Trespass
### Indiana Code § 35-43-2-2

66.     VAF realleges and incorporates by reference the allegations contained in paragraphs 1 through 65 of this Complaint.

67.     VAF's Facebook Page is the personal property of VAF.

68.     Defendant intentionally interfered with VAF's possession and use of VAF's Facebook Page by deleting VAF's Facebook Page.

69.     Defendant's conduct as alleged herein constitutes an act of Criminal Trespass. Ind. Code § 35-43-2-2(b)(4)

70.     VAF has been damaged as a result of Defendant's Criminal Trespass and is entitled to the remedies set forth in the Indiana Crime Victims Relief Act. Ind. Code §§ 34-24-3-1 *et seq*.

*     *     *

WHEREFORE, VAF respectfully requests that the Court:

**A.**     After a hearing on VAF's motion for preliminary injunction, enter a preliminary injunction (1) enjoining Defendant, directly or indirectly, from further accessing, altering, erasing, or deleting any of VAF's social media accounts; (2) ordering Defendant to produce to VAF for inspection and copying, within five days of entry of the preliminary injunction, all devices, computers, storage devices, and storage media on which any of the VAF Confidential Materials are or could be stored; and (3) ordering

Defendant to produce to VAF for inspection and copying all electronic devices that Defendant has used to access any and all VAF accounts since October 4, 2018.

      **B.**      After final trial, award VAF the following relief:

              **(1)**      Enter a permanent injunction (a) enjoining Defendant, directly or indirectly, from accessing, altering, erasing, or deleting any of VAF's social media accounts; (b) ordering Defendant to follow a deletion protocol established by the Court to delete and purge all of VAF's account information from all devices, computers, storage devices, storage media, and cloud storage accounts which Defendant possesses or controls;

              **(2)**      Enter judgment in favor of VAF and against Defendant for the claims alleged herein and award VAF any compensatory damages according to proof, exemplary damages, attorneys' fees, expenses, and costs; and

              **(3)**      Award VAF all other appropriate relief.

Dated: June 22, 2021                              Respectfully submitted,

                                                          */s/ Daniel E. Pulliam*
Daniel E. Pulliam (#29439-49)
Elizabeth A. Charles (#36168-49)
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: (317) 237-0300
daniel.pulliam@faegredrinker.com
elizabeth.charles@faegredrinker.com

*Attorneys for Plaintiff Van Ausdall & Farrar, Inc.*

## **CERTIFICATE OF SERVICE**

  I certify that on June 22, 2021, a copy of the foregoing Complaint for Damages and Preliminary and Permanent Injunctive and Other Relief was filed electronically. Parties may access this filing through the Court's system.

                */s/ Daniel E. Pulliam*